**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

In re:  **RANDY McWHORTER,**     )     Case No.: 04-81399-JAC-7
SSN:  XXX-XX-6340               )
                               )
**DREWCELLIA McWHORTER**,        )
SSN:  XXX-XX-7616               )     CHAPTER 7
                               )
            Debtors.            )

## MEMORANDUM OPINION

This matter came before the Court upon the Trustee's Objection to Amended Claim of Exemptions filed by Tazewell T. Shepard, Trustee of the Chapter 7 Estate of Randy and Drewcellia McWhorter ("Trustee").  A hearing was held on August 2, 2004 with Kevin M. Morris appearing on behalf of the Trustee and S. Mitchell Howie appearing on behalf of the debtors.  Upon due consideration of the pleadings and respective submissions of the parties, the Court finds that the Trustee's objection to Debtor's amended claim of exemptions is due to be sustained.[1]

## FACTS

Prior to filing a petition for bankruptcy relief, co-debtor Randy McWhorter effected a life insurance policy on his own life through Principal Life Insurance Company ("Principal Life"), and named his spouse and co-debtor, Drewcellia McWhorter, as the beneficiary of said policy.  Thus, Mr. McWhorter was the insured/policy owner, and Mrs. McWhorter was the beneficiary under said policy.

---

[1]  In rendering its decision, the Court substantially adopts and incorporates herein the memorandum brief submitted by Kevin M. Morris as counsel for the Chapter 7 Trustee.

On March 25, 2004, Mr. and Mrs. McWhorter filed a joint voluntary petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Alabama, Northern Division. On May 18, 2004, Mr. McWhorter died, leaving Mrs. McWhorter as the surviving spouse and debtor in their bankruptcy case. Accordingly, Principal Life distributed the proceeds from said policy to Mrs. McWhorter.

On June 30, 2004, Mrs. McWhorter filed an amendment to her schedules, claiming the life insurance proceeds as exempt under *Code of Alabama* §§ 6-10-8 and 27-14-29. The Trustee filed an objection to the claimed exemption to the extent Mrs. McWhorter sought to exempt the proceeds as to her own creditors.

## DISCUSSION

There is no dispute that under Alabama law, the proceeds of an insurance policy effected by a husband on his own life for the benefit of his spouse, are exempt as to the creditors of the insured and/or policy owner in bankruptcy. *See Code of Alabama* §§ 6-10-8 and 27-14-29 (1975). The issue before this Court is whether Alabama law also provides an exemption in such situations as to the creditors of a beneficiary-spouse in bankruptcy.

This Court must look to Alabama law in determining whether a debtor can properly exempt life insurance proceeds from the reach of creditors and trustees in bankruptcy and, if so, to what extent. *Code of Alabama* § 6-10-8 (1975) states in relevant part as follows:

> If a policy of insurance, whether heretofore or hereafter issued, is effected by any person on his or her own life or on another life in favor of a person other than himself or herself … the lawful beneficiary … shall be entitled to its proceeds and avails against the creditors and representatives *of the insured and of the person effecting the same*…; A husband or a wife, in his or her own name or in the name of a trustee, may insure the life of his or her spouse for the benefit of himself or herself … ; or a husband or a wife may insure his or her own life for the benefit of his or her spouse … ; and such

2

insurance and the proceeds and avails thereof, whether or not the right to change the beneficiary is reserved or permitted, is exempt from liability for the debts or engagements *of the insured*, or for the torts *of the insured*, or for any penalty or damages recoverable *of the insured*.
(Emphasis added).

It is undisputed that Mr. McWhorter is both the insured and owner of the policy with Principal Life, and Mrs. McWhorter is the mere beneficiary under said policy. Section 6-10-8 provides an exemption as to the creditors of the insured and/or policy owner, but does not extend that exemption as to the creditors of a mere beneficiary.

Much the same, *Code of Alabama* § 27-14-29 (1975) provides in relevant part as follows:

(a) If a policy of insurance, whether heretofore or hereafter issued, is effected by any person on his own life or on another life in favor of a person other than himself, … the lawful beneficiary, or assignee thereof, … shall be entitled to its proceeds and avails against the creditors, personal representatives, trustees in bankruptcy and receivers in state and federal courts of *the person insured* and of *the person effecting the insurance*, …

(b) If a policy of insurance, whether heretofore or hereafter issued, is effected by any person on the life of another in favor of the person effecting the same … the latter shall be entitled to the proceeds and avails of the policy as against the creditors, personal representatives, trustees in bankruptcy and receivers in state and federal courts of *the person insured*. If *the person effecting such insurance*, or the assignee of such insurance, is the wife of the insured, she shall also be entitled to the proceeds and avails of the policy as against her own creditors, personal representatives, trustees in bankruptcy and receivers in state and federal courts.
(Emphasis added).

The exemption provided under paragraph (a) of this section is limited as to the creditors of the insured and/or policy owner. While paragraph (b) appears to extend an exemption to the beneficiary-spouse, that exemption only applies if the beneficiary-spouse was the person who effected the insurance. Again, the parties do not dispute that it was Mr. McWhorter who effected the insurance. Thus, it appears clear that these statutes do not

3

provide Mrs. McWhorter with a right to exempt the insurance proceeds from the reach of her own creditors.

Notwithstanding the above, Debtor relies on *In re Hyde*, 200 B.R. 694 (Bankr.N.D.Ala. 1996) in support of her position. *Hyde* involved a debtor who, prior to bankruptcy, effected a life insurance policy on his own life and named his spouse as the beneficiary. The debtor, who was the insured/owner under the policy, listed the cash surrender value as exempt under §§ 6-10-8 and 27-14-29, and a creditor objected to the claim of exemptions. The court held that the cash surrender value of the policy was exempt as to the creditors of the debtor.

However, the Debtor overlooks one crucial difference between *Hyde* and the case at hand. In the current matter the beneficiary-spouse, Mrs. McWhorter, is also a joint debtor in the bankruptcy case. In *Hyde* the Court only held that the cash surrender value was exempt as to the creditors of the debtor, who was the insured/policy owner. The Court never ruled whether the proceeds were exempt as to the creditors of the mere beneficiary, because the beneficiary was not in bankruptcy. Thus, the *Hyde* decision did not address the issue before this Court in the present matter.

Debtor also contends that the policy underlying these statutes supports a ruling in her favor. The courts have previously noted that these statutes are founded on a policy of providing protection for the spouse and children of the insured, and should be liberally construed to achieve that result. *See Kimball v. Cunningham Hardware Co.*, 68 So. 309 (Ala. 1915); *Young v. Thomason*, 60 So. 272 (Ala. 1912); *In re Beckman*, 50 F.Supp. 339 (N.D.Ala. 1943). However, the "protection" that the courts refer to, and which is provided by these statutes, is protection from the creditors of the insured. The Alabama Legislature

Case 04-81399-JAC7    Doc 33    Filed 08/05/04    Entered 08/05/04 14:24:33    Desc Main
Document      Page 4 of 7

intended to protect insurance proceeds due a wife and child from the grasp of the husband/insured's creditors.  There is no statutory language to indicate that the Legislature intend to exempt insurance proceeds from the satisfaction of debts that a mere beneficiary incurs as a result of her own actions.

It appears that the Alabama courts have yet to address the issue at hand. Consequently, the Court will look to other jurisdictions for guidance in this matter.  These sections of the Alabama Code were "copied substantially" from New York law and have been amended accordingly as changes were made to these New York statutes. *See Kimball*, 68 So. at 312; *Beckman*, 50 F.Supp. at 342-343.  Thus, New York law should provide relevant guidance in this Court's consideration as to how Alabama courts would interpret these statutes.

New York Insurance Law § 3212 (McKinney 2000) states in relevant part as follows:

> (b)(1) If a policy of insurance has been or shall be effected by any person on his own life in favor of a third person beneficiary, or made payable otherwise to a third person, such third person shall be entitled to the proceeds and avails of such policy as against the creditors, personal representatives, trustees in bankruptcy and receivers in state and federal courts of the person effecting the insurance.
>
> (2) If a policy of insurance has been or shall be effected upon the life of another person in favor of the person effecting the same or made payable otherwise to such person, the latter shall be entitled to the proceeds and avails of such policy against the creditors, personal representatives, trustees in bankruptcy and receivers in state and federal courts of the person insured. If the person effecting such insurance shall be the spouse of the insured, he or she shall be entitled to the proceeds and avails of such policy as against his or her own creditors, trustees in bankruptcy and receivers in state and federal courts.
>
> (3) If a policy of insurance has been or shall be effected by any person on the life of another person in favor of a third person beneficiary, or made

5

payable otherwise to a third person, such third person shall be entitled to the proceeds and avails of such policy as against the creditors, personal representatives, trustees in bankruptcy and receivers in state and federal courts of the person insured and of the person effecting the insurance.

As with the Alabama statute, the language appears clear in providing an exemption for the insured or person effecting the policy, but does not provide an exemption for a mere beneficiary's creditors.

The New York courts, in interpreting the language of this statute, have repeatedly found that it does not provide an exemption as to the creditors of a mere beneficiary. *See In re Szewczyk*, 2004 WL 763842 (Bankr.W.D.N.Y. 2004); *In re Kiersz*, 2004 WL 1401226 (Bankr.W.D.N.Y. 2004); *In re Jacobs*, 264 B.R. 274 (Bankr.W.D.N.Y. 2001). "[T]he only exemption that Insurance Law 3212 gives to a beneficiary as against his or her own creditors, trustees in bankruptcy and receivers in state and federal courts, is if the beneficiary is the spouse of the insured, *and is the owner of the policy*." *Kiersz*, 2004 WL at 4 (emphasis added). The New York courts have also addressed the policy concerns argued by the Debtor in the present matter. "Such concern … is not a reason to ignore an unambiguous statute, but rather is reason to return this issue to the legislature, where it belongs. This is done by applying the statute as written." 264 B.R. at 278-279. The State of New York Insurance Department has even issued an informal opinion addressing this issue, and has concluded that life insurance proceeds are not exempt from the creditors of a mere beneficiary in bankruptcy.

Having considered the pleadings and arguments of counsel, and having reviewed applicable law, this Court concludes that the proceeds of an insurance policy effected by a husband on his own life for the benefit of his spouse, are not exempt under Alabama law as

Case 04-81399-JAC7    Doc 33    Filed 08/05/04    Entered 08/05/04 14:24:33    Desc Main
Document      Page 6 of 7

to the creditors of the beneficiary-spouse in bankruptcy.  Accordingly, it is

**ORDERED**, **ADJUDGED** and **DECREED** that the Trustee's Objection to Amended Claim of Exemptions is **SUSTAINED**, permitting the Debtor only those exemptions allowed by law; and it is further

**ORDERED**, **ADJUDGED** and **DECREED** that in accordance with Alabama Code §§ 6-10-8 and 27-14-29, an exemption shall be allowed for the proceeds of the Principal Life policy as to the creditors of the insured/policy owner, Randy McWhorter; and it is further

**ORDERED**, **ADJUDGED** and **DECREED** that an exemption for such policy proceeds shall be **DENIED** as claimed against the creditors of the beneficiary, Drewcellia McWhorter, and the Trustee is authorized to collect the proceeds for the benefit of said creditors.

**DONE and ORDERED** this day August 5, 2004

/s/  Jack Caddell
Jack Caddell
U.S. Bankruptcy Judge

xc:      Debtor
           S. Mitchell Howie, Attorney for Debtor
           Kevin M. Morris, Attorney for Trustee
           Richard M. Blythe, Esq.

Case 04-81399-JAC7    Doc 33    Filed 08/05/04    Entered 08/05/04 14:24:33    Desc Main
Document    Page 7 of 7